IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RITA TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-00816-BL-JTA |
| | ) | |
| CATHY GEERHART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On December 16, 2024, Plaintiff Rita Taylor filed her complaint against the Defendants alleging claims of discrimination and retaliation under the Age Discrimination Employment Act, the Americans with Disabilities Act, and Title VII. (Doc. 1). On April 2, 2025, the Defendants filed their motion to dismiss. (Doc. 31). On November 6, 2025, the Magistrate Judge recommended that the court grant the Defendants' motion to dismiss and allow the Plaintiff to be given an opportunity to amend her complaint. (Doc. 38). The Plaintiff filed objections to the recommendation. (Doc. 42).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In her objections, the Plaintiff first objects "to dismissal with prejudice on all claims based on failed service." (Doc. 42 at 11). However, in her recommendation, the Magistrate Judge noted that she denied the Defendants' initial motion to dismiss for failure to properly serve the Defendants as premature and that the Defendants never refiled their motion to dismiss for failure to perfect service. The Magistrate Judge stated that she did "not address whether Plaintiff properly served Defendants" in her recommendation. (Doc. 38 at 5). Accordingly, the court **OVERRULES** this objection.

Next, the Plaintiff seems to take issue with the Magistrate Judge's determination that the claims against Defendant The Gap, Inc are due to be dismissed without prejudice. (Doc. 42 at 12-13). The Plaintiff asserts that "The Gap, Inc. upholds significant influence on personnel matters relevant to this case." (*Id*.)

2

However, as the Magistrate Judge noted in her recommendation, the Plaintiff "never alleges Defendant Gap is Defendant Old Navy's parent company or her employer in her complaint" and the Plaintiff's "complaint is completely devoid of any allegations pertaining to Defendant Gap." (Doc. 38 at 6). Thus, the court agrees with the Magistrate Judge's finding that the Plaintiff "has failed to plead 'factual content that allows the court to draw the reasonable inference that [Defendant Gap] is liable for the misconduct alleged.'" (*Id.*) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Accordingly, the court **OVERRULES** this objection.

Finally, the Plaintiff objects to the Magistrate Judge's recommendation regarding the Plaintiff's claim for retaliation. The Plaintiff asserts that "the Defendants and Magistrate [Judge's] claim for lack of relief due to no material harm is fallacious." (Doc. 42 at 13). In her recommendation, the Magistrate Judge noted that the Plaintiff has not specified in her complaint how the Defendants' affirmative defense "has impacted her employability nor provide[d] specific facts showing how the affirmative defense is affecting her veteran's benefits, public benefits, or educational pursuits." (Doc. 38 at 10). Further, the Magistrate Judge found that the Plaintiff provides "naked assertions that the affirmative defense harmed her employability, veteran's benefits, public benefits, and educational pursuits" and the Plaintiff's complaint does not sufficiently state a claim for retaliation because she "does not provide 'further factual enhancement.'" (Doc. 38 at 11). The court agrees.

3

Accordingly, the court **OVERRULES** this objection. Thus, because the Plaintiff failed to identify an error in the Magistrate Judge's factual findings or legal conclusions, the court **OVERRULES** the Plaintiff's objections, (doc. 42).

After careful review of the file and upon consideration of the recommendation of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate Judge and **ORDERS** as follows:

1. The Defendants' Motion to Dismiss (doc. 31) is **GRANTED**;

2. The Plaintiff's Complaint (doc. 1) is **DISMISSED** as follows:

   a. All claims against Defendant Cathy Geerhart are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to terminate Defendant Cathy Geerhart from this case;

   b. All claims against Defendant The Gap, Inc. are **DISMISSED without prejudice**;

   c. The Plaintiff's ADA discrimination claim against Old Navy is **DISMISSED with prejudice**;

   d. The Plaintiff's Title VII and ADEA Discrimination claims against Old Navy are **DISMISSED without prejudice**;

   e. The Plaintiff's Title VII, ADEA, and ADA retaliation claims against Old Navy are **DISMISSED without prejudice**; and

3. This matter is **REFERRED** back to the Magistrate Judge for further proceedings and to afford the Plaintiff an opportunity to amend her Complaint.

**DONE** and **ORDERED** on this the 6th day of May, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE